**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**BRANDON JOSEPH ORTEGO**                        **CIVIL ACTION**

**versus**                                                          **NO. 10-4431**

**TERRESA BANKS**                                          **SECTION: "B" (3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Brandon Joseph Ortego, is currently serving a federal sentence in a penitentiary in California; however, his federal conviction is not challenged in the instant application. Rather, this application challenges his 2004 conviction in the Louisiana Twenty-Second Judicial District Court.

With respect to that conviction, the state court records reflect that, on February 9, 2004, petitioner pleaded guilty to aggravated battery in Case No. 375461.  He was sentenced to a term of three years imprisonment; however, that sentence was suspended subject to certain conditions, including that he spend sixty days in parish jail and that he remain on probation for three years.  He was given credit for time served.[1]

On March 9, 2004, petitioner's probation was revoked, and he was ordered to serve his original three-year sentence.[2]

Petitioner was apparently then again released on probation on November 30, 2005. However, he absconded from supervision and once again quickly ran afoul of the law.  As a result, his probation was again revoked on April 3, 2006, and he was returned to prison.[3]

---

[1] State Rec., Vol. II of II, transcript of February 9, 2004; State Rec., Vol. II of II, minute entry dated February 9, 2004 (Case No. 375461).  The records further reflect that, on February 9, 2004, petitioner also pleaded guilty to battery of a police officer in Case No. 375462, and he was sentenced to a concurrent term of thirty days in parish jail.  State Rec., Vol. II of II, transcript of February 9, 2004; State Rec., Vol. II of II, minute entry dated February 9, 2004 (Case No. 375462). Additionally, the records reflect that, on January 14, 2004, he had also been convicted of simple battery in Case No. 374738 and sentenced to thirty days in parish jail.  State Rec., Vol. II of II.

[2] State Rec., Vol. II of II, transcript of March 9, 2004; State Rec., Vol. II of II, minute entry dated March 9, 2004 (Case No. 375461).

[3] State Rec., Vol. II of II, transcript of April 3, 2006; State Rec., Vol. II of II, minute entry dated April 3, 2006 (Case No. 375461).

On September 9, 2010, petitioner filed the instant federal application for *habeas corpus* relief.[4]  In support of his application, he claims that he was coerced into pleading guilty by his attorney.

The state argues that this application must be dismissed because (1) petitioner failed to exhaust his state court remedies, (1) the application is untimely, and (3) the underlying claim has no merit.  The state is correct.[5]

Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts.  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were

---

[4] Petitioner originally filed the application with the United States District Court for the Central District of California pursuant to 28 U.S.C. § 2241.  However, because the application challenged the validity of a Louisiana state court conviction, the matter was transferred to this Court and construed as petition seeking relief pursuant to 28 U.S.C. § 2254.  Rec. Docs. 1 and 5.

[5] The state does not argue that petitioner fails to meet the custody requirement for *habeas corpus* relief.  However, it must be noted that federal district courts may entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added).  Once a sentence imposed for a conviction has fully expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction.  Maleng v. Cook, 490 U.S. 488, 492 (1989).  Although petitioner is currently incarcerated, that incarceration is based on a separate federal conviction, and one would suppose that his sentence on his 2004 Louisiana conviction expired long ago.  However, because the record is unclear on this point and because the petition is subject to dismissal on several alternative grounds, the undersigned recommends that the petition simply be dismissed on those alternative bases.

previously presented to the state's *highest court* in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

The state contends that petitioner never sought review of his claim by Louisiana's highest court, the Louisiana Supreme Court.  This Court has confirmed that fact.  On April 18, 2011, a staff member of this Court was advised by an employee of the Louisiana Supreme Court that petitioner has not filed any applications whatsoever with that court.  Because he has not presented his claim to the Louisiana Supreme Court, petitioner failed to exhaust his remedies in state court as required by 28 U.S.C. § 2254(b)(1)(A).

That said, it would not be in the interests of justice and judicial economy to dismiss petitioner's federal application without prejudice based on the lack of exhaustion.  Because the application is also clearly untimely and because the claim asserted has no merit, it should instead be dismissed **with prejudice** on one or both of those bases.[6]

## Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[6] "When faced with an untimely petition, the Court is statutorily compelled to dismiss the case for that reason. Whether the underlying claims have been exhausted will not change the timeliness of the petition." Alexander v. Cain, Civ. Action No. 05-683, 2007 WL 121722, at *2 (E.D. La. Jan. 12, 2007)  (citations omitted).  Moreover, a federal court has the authority to deny *habeas* claims on the merits, regardless of whether the petitioner exhausted his state court remedies and whether exhaustion is waived by the state.  28 U.S.C. § 2254(b)(2); Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); Woods v. Cain, Civil Action No. 06-2032, 2008 WL 2067002, at *8 n.8 (E.D. La. May 13, 2008).

underlying criminal judgment becomes "final."  Under the AEDPA, a judgment is considered "final"

upon the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).[7]

As noted, on February 9, 2004, petitioner pleaded guilty and was sentenced.  Because

he did not file a direct appeal within the thirty days allowed by state law, his conviction and sentence

became final no later than March 10, 2004.[8]  Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A),

the period that petitioner had to file his application for federal *habeas corpus* relief with respect to

his state criminal judgment commenced on that date and expired one year later, unless that deadline

was extended through tolling.

The Court first considers statutory tolling.  The AEDPA expressly provides that the

statute of limitations is tolled for the period of time during which a properly filed application for

state post-conviction relief or other collateral review attacking a conviction or sentence is pending

in state court.  28 U.S.C. § 2244(d)(2).  The record reflects that petitioner filed a number of

applications and motions in state court concerning his criminal proceedings over the years.  The state

---

 [7] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

 [8] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence.  La.C.Cr.P. 914. However, the Court also notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea.  See State v. Crosby, 338 So.2d 584 (La. 1976).  In this case, the Court need not decide whether petitioner had a right to appeal his conviction or sentence pursuant to La.C.Cr.P. art. 914, in that his application for federal *habeas corpus* relief is untimely regardless of whether his conviction was final upon his plea (February 10, 2004) or upon the expiration of his period for filing a motion to appeal (March 10, 2004).

disputes whether those various filings tolled the federal limitations period.  However, this Court

need not resolve that issue.  Even if petitioner is given full tolling credit for all of his state court

filings, **he had no state court filings of any type pending at any time during the years 2007-**

**2009**; therefore, he obviously is not entitled for any statutory tolling for that prolonged period.[9] As

a result, obviously more one year elapsed untolled between the date his state conviction became final

and the date on which this federal application was filed, i.e. September 9, 2010.[10]  Accordingly, the

application is untimely unless petitioner is additionally eligible for equitable tolling.

The United States Supreme Court has held that the AEDPA's statute of limitations

is also subject to equitable tolling.  Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).  However, "a

petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights

---

[9] The Court notes that petitioner again contacted the state district court in 2010 requesting information about his case to help him prepare an application to have his criminal record expunged. However, that filing does not affect the timeliness of his federal application for two reasons.  First, such requests for information or documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003);  Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).  Second, in any event, petitioner's federal limitations expired long before the 2010 request.  State applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of a *habeas* petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

[10] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on September 9, 2010; therefore, that it the earliest date it could have been submitted to prison officials for mailing.

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

In light of the foregoing, it is evident that petitioner's federal application was filed many years too late to be considered timely.  Therefore, it is clearly subject to dismissal with prejudice on that basis.  Nevertheless, out of an abundance of caution, the Court also notes that petitioner's underlying claim fails for the following reasons even if it is considered on the merits.

### Petitioner's Claim

Petitioner claims that his attorney coerced him into pleading guilty.  Specifically, he alleges: "Attorney David Craig threatened me into pleading guilty to charges I did not commit.  He stated that he would provide false information to the judge so that I would receive a harsher sentence and I had to pay him $7,500 upon my release."[11]

"Because a guilty plea involves the waiver of several constitutional rights, it must be made intelligently and voluntarily."  United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002).  However, it is petitioner who carries the burden of proving that he is entitled to relief on the ground

---

[11] Rec. Doc. 4, p. 3.

that his plea was involuntary.  See, e.g., Hines v. Louisiana, 102 F.Supp.2d 690, 694 (E.D. La.

2000).  Petitioner clearly has not met that burden in this case.

During the plea colloquy, petitioner stated under oath that he was satisfied with his

attorney's services.[12]  He further stated that he was pleading guilty of his own free will.[13]  Therefore,

he "face[s] a heavy burden in proving that [he is] entitled to relief because such testimony in open

court carries a strong presumption of verity."  Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

Moreover, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald

assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and

unsupportable by anything else contained in the record, to be of probative evidentiary value."  Ross

v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).

In the instant case, petitioner offers no probative evidence whatsoever in support of

his claim.  Basing his claim on nothing more than his own self-serving allegations, he clearly has

not satisfied his heavy burden of rebutting the presumption that the declarations he made in open

court were true.  Accordingly, his claim must be denied.[14]

---

[12]  State Rec., Vol. II of II, transcript of February 9, 2004, p. 14.

[13]  State Rec., Vol. II of II, transcript of February 9, 2004, p. 16.

[14]  The state suggests that perhaps petitioner's claim should be interpreted as an ineffective assistance of counsel claim.  However, even it is interpreted in that manner, it fares no better.  With respect to such claims, a petitioner still bears the burden of proof and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."  Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000).  Again, petitioner has offered no probative evidence in support of his claim, relying instead on only his bald, self-serving allegations.  Therefore, he still has not met his burden of proof even if the claim is interpreted as the state suggests.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Brandon Joseph Ortego be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

New Orleans, Louisiana, this twentieth day of April, 2011.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.